Ambrose J. Agate, Appellant, *v.* Caroline E. House, Individually and as Executrix of Ann E. Agate, Deceased, Respondent.

*Compromise of a claim — the amount paid cannot be recovered — release, to whom not available — rule of computation by a referee where both claim and counterclaim are allowed.*

If a person, to release himself from a claim made against him, personally pays a certain amount of money by way of compromise, he cannot, after it has been decided in another action to which he was not a party, that the claim against him was without foundation, recover the amount thus paid, either from the persons to whom he paid it, or from the person on whose account the claim was made against him.

A person cannot avail himself of a release which was not made for his benefit, to which he was not a party and towards the procuring of which he did not contribute.

Where the claim of a plaintiff in an action is allowed, and the counterclaim of the defendant against the plaintiff is allowed, the correct rule of computation by a referee is to determine what sums were due by each of the parties respectively to the other, as of a certain date, and then, upon ascertaining the difference, to allow interest upon such difference from such date to the date of his report.

Appeal by the plaintiff, Ambrose J. Agate, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of August, 1893, upon the decision of the court rendered at the New York Special Term upon the coming in of the report of a referee adjudging that a certain deed was held by one John Agate as a mortgage, and that the plaintiff is entitled to redeem and have a reconveyance of such property; that a certain conveyance executed by Ann Eliza Agate remains subject to the defendant's right to the reimburse-

ment of the sum found due and owing for the reimbursement of which the said premises were security, and be delivered to the plaintiff on payment to the defendant of the amount found due, and awarding costs to the defendant; and also from an order of the Supreme Court, made at the New York Special Term and entered in the said clerk's office on the 1st day of August, 1893, denying the plaintiff's motion to resettle, amend and modify the judgment entered herein, with notice of an intention to bring up for review on such appeal an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 25th day of February, 1892, confirming the report of the referee; also said referee's report; also the memorandum of opinion filed by said referee; also the order entered June 17, 1893, granting the defendant costs of the new trial; and also all the evidence, exceptions and proceedings had and taken before said referee.

*George W. Blunt,* for the appellant.

*Henry W. Taft,* for the respondent.

PER CURIAM:

There have been numerous trials and three appeals herein, and it is not our purpose to consider anew the questions that have been settled. (See *Agate* v. *Agate,* 11 N. Y. St. Repr. 579.) On the last appeal to this court it affirmed the order denying the motion for a new trial, and affirmed the interlocutory judgment, except that part of it which declared that the indebtedness of William Agate to his father's estate had been paid, which part it reversed, and ordered that a new trial be granted to determine if William Agate's indebtedness to his father or his father's estate had been paid, and if not, what amount is due said estate, and that the issue as to the payment of the indebtedness be referred back to the referee. The referee reported that the indebtedness had not been paid, and that the defendant was entitled to receive payment thereof; and after determining such indebtedness and interest thereon, and charging defendant with the rents received and interest thereon, he deducted the latter from the indebtedness of the plaintiff, which left a balance in favor of the defendant of the difference, which amounted to $11,083.21.

The appellant excepts to the method of computation, and states in his brief that " if Ann E. Agate was entitled to interest on $7,143.97 to November 4, 1891, this plaintiff is also entitled to interest" on defendant's indebtedness to the same date.   In his statement of what the referee did, counsel has fallen into an error, because the referee computes the interest on the sums due by both plaintiff and defendant down to November 5, 1885, and after deducting one sum from the other, he allows interest upon the balance from 1885 down to the date of his report, which is a correct method of computation. In effect, what the referee did was to determine what were the sums due by each of the parties respectively to the other as of the date of November 5, 1885, and then, upon ascertaining the difference, to allow interest upon such difference down to the date of his report.

At the beginning of the reference the plaintiff objected to proceeding, upon the ground that the debtor's claim, which was the subject-matter of the reference, was barred by the Statute of Limitations; and this is urged again upon this appeal.   This objection is disposed of, not only by the reasoning of the referee, but also by the terms of the order directing the reference.

Another question that was argued upon the former appeal, and is again urged, is that the indebtedness of William Agate to his father's estate had been fully paid and satisfied by allowing to him, with the consent of the legatees and heirs, his share in his father's estate, which, it is claimed, Ann Agate was to hold for him.   It is insisted, however, that in the light of the new evidence presented upon this question before the referee, he should have sustained appellant's contention.   The referee, as shown in his opinion, did consider the new evidence offered, and presenting as it did a question of fact, he has found against the appellant, and with his conclusion we see no just reason to interfere.

The serious question presented relates to the effect that should be given to the release executed by Ann Agate to Joseph Agate, executor of the father's estate.   It appears that in 1887 an action was commenced by George V. House, as assignee of Ann E. Agate, to recover for rents of the premises here in dispute, which Joseph Agate had collected and sent to William in California.   Judgment was rendered against Joseph Agate for upwards of $18,000, which, upon appeal, was reversed and a new trial granted.   Before such

new trial, however, Joseph Agate paid $7,500, and obtained from Ann Agate, Caroline E. House and George V. House a general release of all claims against him; and this, it is claimed, should inure to the benefit of William and be resorted to as a shield to protect him from the payment of his indebtedness to his father's estate. There is no evidence that any portion of this $7,500 was paid out of the rents received by Joseph; nor was any portion of it contributed by William. It is true, as now determined, that Joseph was justified in paying over the rents that he, from time to time, received, to William, and could not have been obliged to account for them to Ann Agate. And this presents an instance of one making a claim against another which they settle and adjust between them. Then, because it subsequently appears that such claim never had a valid existence, a third party attempts to interpose a release thus obtained as a barrier to protect himself against the lawful claim of the person to whom the money was paid for such release. We think the respondent is correct in saying that, even if the $7,500 was paid solely in settlement of the suit of George V. House against Joseph Agate for the collection of the rents, nevertheless, it does not appear that William Agate ever had to contribute any portion to secure the release. As it is now decided that William was entitled to the rents that Joseph had turned over to him, the latter could not compel a contribution by William of any portion of the amount thus paid. If Joseph, to release himself from the claim made against him personally, paid a certain amount of money by way of compromise, he cannot, after it has been decided in another action, to which he is not a party, that the claim against him was without foundation, recover the amount thus paid, either from the persons to whom he paid it, or from the person on whose account the claim was made against him.

There are other considerations urged which enforce the view that the release was never intended for William's benefit, that he was never a party thereto, and, never having been obliged in any way to contribute, it is not available to him.

Many exceptions were taken to the rulings of the referee upon evidence, and to his findings and refusals to find, all of which, upon examination, present no legal barrier to the affirmance of the judgment. So far as this court is concerned, it has had this case before

it in every possible shape, and after all the trials and proceedings, when at last it appears that the judgment is right, the court should not be astute· to find errors in rulings, or slight inconsistencies in findings, upon which to hang a reversal. . We think that the judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., and FOLLETT, J.

Judgment affirmed, with costs.